UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

JOHNNY GAINEY,

                                      Plaintiff,

                 -against-

THE CITY OF NEW YORK, DETECTIVE JOSEPH
SCIALABBA, tax # 931982, SERGEANT AARON
EDWARDS, tax # 932593, DETECTIVE JERRY
WOLVERS, tax # 943966, DETECTIVE WILLIAM
MILLER, tax # 930740, POLICE OFFICERS JOHN
DOES 1-5,

                                  Defendants.

--------------------------------------------------------------------- x

**FIRST AMENDED**
**COMPLAINT**

13 Civ. 7102 (ER) (HBP)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

        1.        Plaintiff brings this action against the City of New York and several New York City Police Officers of Narcotics Borough Bronx alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting him, using unreasonable force on him and illegally strip searching him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.        This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

        3.        Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery

and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5.      A notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

6.      The City conducted a 50-h hearing.

7.      This action is brought within one year and ninety days of the arrest of plaintiff.

## PARTIES

8.      Plaintiff is a resident of the State of New York, County of Bronx.

9.      The City of New York is a municipal corporation organized under the laws of the State of New York.

10.     The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

11.     On April 26, 2013, at approximately 10:30 p.m., plaintiff was on the corner of Holland Avenue and Lydig Avenue in the Bronx.

12.     At all relevant times, plaintiff was obeying the law and was not acting in a suspicious manner.

13.     At the above time and place, several members of the NYPD, including Detective Joseph Scialabba, Sergeant Aaron Edwards, Detective Jerry Wolvers and Detective William Miller, ran toward plaintiff, threw plaintiff to the ground, slammed plaintiff's face into the ground, pushed knees into plaintiff's head and back, punched and kicked plaintiff, handcuffed plaintiff unreasonably tight, spit in plaintiff's face, and illegally strip searched plaintiff on the street.

14.     Plaintiff is in possession of two videos taken by bystanders which show plaintiff in defendants' custody with his pants and underwear pulled down to his knees.

15.     Defendants did not find anything illegal on plaintiff's person.

16.     Defendants arrested plaintiff without probable cause and took plaintiff to the 49th Precinct, where they illegally strip searched plaintiff a second time, and then to Jacobi Medical Center.

17.     While plaintiff was in custody, the defendants, acting in concert, falsely charged plaintiff with sale and possession of narcotics, resisting arrest and disorderly conduct.

18.     Defendants eventually took plaintiff to Bronx Central Booking.

19.     While plaintiff was in Bronx Central Booking, the defendants, acting in concert, misrepresented to prosecutors that plaintiff sold and possessed narcotics, resisted arrest and was disorderly.

20.     The District Attorney's Office declined to prosecute plaintiff and plaintiff was released on April 27, 2013, at approximately 3:00 p.m.

21.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 17 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, humiliation, embarrassment, pain and physical injuries.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

22.    Plaintiff repeats the foregoing allegations.

23.    At all relevant times, plaintiff did not commit a crime or violation.

24.    Despite plaintiff's innocence, the defendants arrested plaintiff.

25.    Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

26.    Plaintiff repeats the foregoing allegations.

27.    Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

28.    Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

29.    Plaintiff repeats the foregoing allegations.

30.    Defendants' strip searches of plaintiff were illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes, and plaintiff was not being placed in a general jail population at

the time of the searches.  Also, the first strip search of plaintiff was unlawfully conducted on the street.

31.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

32.     Plaintiff repeats the foregoing allegations.

33.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

34.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

35.     Plaintiff repeats the foregoing allegations.

36.     At all relevant times, plaintiff did not commit a crime or violation.

37.     Despite plaintiff's innocence, the defendants arrested plaintiff.

38.     Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (ASSAULT)

39.     Plaintiff repeats the foregoing allegations.

40.     Defendants' acts of force and strip searches of plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured plaintiff.

41.     Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY)

42.     Plaintiff repeats the foregoing allegations.

43.     Defendants' acts of force and strip searches of plaintiff were offensive and nonconsensual physical contacts which injured plaintiff.

44.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## EIGHTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

45.     Plaintiff repeats the foregoing allegations.

46.     Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

47.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Attorney's fees and costs;

d.      Such other and further relief as the Court may deem just and proper.

DATED:        January 22, 2014

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)